## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

NOVARTIS AG, Lichtstrasse 35, CH-4056, Basel, Switzerland; and NOVARTIS PHARMACEUTICALS CORPORATION, 59 Route 10, East Hanover, New Jersey 07936

Plaintiffs,

v.

ACCORD HEALTHCARE, INC. USA, 1009 Slater Road, Suite 210-B, Durham, North Carolina 27703; and INTAS PHARMACEUTICAL LTD., Chinubhai Centre, off Nehru Bridge, Ashram Road, Ahmedabad 38009, Gujarat, India

Defendants.

Case No.: _____

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Novartis AG and Novartis Pharmaceuticals Corporation (hereinafter "Plaintiffs"), for their Complaint herein against Defendants Accord Healthcare, Inc. USA and Intas Pharmaceutical Ltd. (hereinafter "Defendants") allege as follows:

## NATURE OF ACTION

1.      This is an action for patent infringement.

## PARTIES

2.      Plaintiff Novartis AG is a corporation organized and existing under the laws of Switzerland, having an office and place of business at Lichtstrasse 35, CH-4056, Basel, Switzerland.

3.      Plaintiff Novartis Pharmaceuticals Corporation ("NPC") is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 59 Route 10, East Hanover, New Jersey 07936.

4.      On information and belief, Defendant Accord Healthcare, Inc. USA ("Accord") is a corporation organized under the laws of North Carolina, having a place of business at 1009 Slater Road, Suite 210-B, Durham, North Carolina 27703.

5.      On information and belief, Defendant Intas Pharmaceutical Ltd. ("Intas") is a company organized under the laws of India, having a place of business at Chinubhai Centre, off Nehru Bridge, Ashram Road, Ahmedabad 380009, Gujarat, India.

6.      On information and belief, Defendant Accord is a wholly owned subsidiary of Defendant Intas, and the acts of Defendant Accord complained of herein were and are aided and abetted by, and done with the cooperation, participation, and assistance of, Defendant Intas.

7.      Defendant Accord has designated Chidambaram S. Iyer, Esq., of Sughrue Mion, PLLC, 2100 Pennsylvania Avenue, NW, Washington, D.C. 20037-3213 to accept service of process on Defendant Accord's behalf pursuant to 21 C.F.R. § 314.95(c)(7).

## JURISDICTION AND VENUE

8.      This action arises under the patent laws of the United States of America. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

9.      Because Defendant Accord has designated Chidambaram S. Iyer, Esq., of Sughrue Mion, PLLC, 2100 Pennsylvania Avenue, NW, Washington, D.C. 20037-3213, as Defendant Accord's agent authorized to accept service of process for Defendant Accord in this action, it has hereby consented to personal jurisdiction in this district.

10.     On information and belief, Defendant Intas is in the business of manufacturing, marketing, importing and selling pharmaceutical drug products, including generic drug products. On information and belief, Defendant Intas directly, or through its affiliates and agents, including Defendant Accord, markets and sells drug products throughout the United States and in this judicial district.

11.     This Court has personal jurisdiction over Defendant Intas by virtue of *inter alia*, the abovementioned facts.

12.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

## CLAIM FOR RELIEF – PATENT INFRINGEMENT

13.     Plaintiff NPC holds an approved new drug application ("NDA"), NDA No. 50-791, for Myfortic® delayed-release tablets (180 mg and 360 mg), which tablets contain the active ingredient mycophenolic acid, in its sodium salt form, mycophenolate sodium. Myfortic® tablets were approved by the United States Food and Drug Administration ("FDA") in 2004 for the prophylaxis (or prevention) of organ rejection in patients receiving allogeneic renal transplants, administered in combination with cyclosporine and corticosteroids. NPC markets Myfortic® delayed-release tablets (180 mg and 360 mg) in the United States.

14.     Myfortic® delayed-release tablets are an enteric formulation of mycophenolate sodium that delivers the active moiety mycophenolic acid. Mycophenolic acid is an immunosuppressant agent. As the sodium salt, mycophenolic acid can be chemically designated as (E)-6-(4-hydroxy-6-methoxy-7-methyl-3-oxo-1,3-dihydroisobenzofuran-5-yl)-4-methylhex-4-enoic acid sodium salt.

15.     Novartis AG is the owner of United States Letters Patent No. 6,025,391 ("the '391 patent").  The '391 patent was duly and legally issued on February 15, 2000.  A true copy of the '391 patent is attached hereto as Exhibit A.

16.     The '391 patent claims, *inter alia*, pharmaceutical compositions, containing a mycophenolate salt, adapted to prevent release of the mycophenolic salt in the stomach and to release the mycophenolate salt in the upper part of the intestinal tract.  It also claims, *inter alia*, pharmaceutical compositions containing an enteric coated pharmaceutically acceptable mycophenolate salt.  The '391 patent also claims, *inter alia,* methods of immunosuppressing a subject in need of immunosuppression, by administering a therapeutically effective amount of enteric coated pharmaceutically acceptable mycophenolate salt.

17.     The '391 patent was assigned by the inventors to Novartis AG.

18.     Novartis AG is the owner of United States Letters Patent No. 6,172,107 ("the '107 patent").  The '107 patent was duly and legally issued on January 9, 2001.  A true copy of the '107 patent is attached hereto as Exhibit B.

19.     The '107 patent claims, *inter alia*, pharmaceutical compositions, containing a mycophenolate salt, formulated to disintegrate selectively in the intestinal tract to release mycophenolate there.  It also claims, *inter* alia, pharmaceutical compositions containing an enteric coating that are suitable as an immunosuppressant medicament.  The '107 patent also claims, *inter alia,* methods of immunosuppressing a subject in need of immunosuppression, by administering a therapeutically effective amount of a composition formulated to disintegrate selectively in the intestinal tract to release mycophenolate there.

20.     The '107 patent was assigned by the inventors to Novartis AG.

21.     Novartis AG is the owner of United States Letters Patent No. 6,306,900 ("the '900 patent").  The '900 patent was duly and legally issued on October 23, 2001.  A true copy of the '900 patent is attached hereto as Exhibit C.

22.     The '900 patent claims, *inter alia*, pharmaceutical compositions, containing a mycophenolate salt, adapted to prevent release of mycophenolate in the stomach.

23.     The '900 patent was assigned by the inventors to Novartis AG.

24.     On information and belief, Defendant Accord submitted to the FDA an abbreviated new drug application ("ANDA") under the provisions of 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation of generic Myfortic® delayed-release tablets 180 mg (hereinafter "Defendants' Products").

25.     On information and belief, Defendants submitted their ANDA to the FDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Defendants' Products before the expiration of the '391, '107 and '900 patents.

26.     By filing the ANDA under 21 U.S.C. § 355(j) for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Defendants' Products before the expiration of the '391, '107 and '900 patents, Defendants have committed an act of infringement under 35 U.S.C. § 271(e)(2).  Further, the commercial manufacture, use, offer for sale, sale and/or importation of Defendants' Products for which Defendants seek approval will also infringe one or more claims of the '391, '107 and '900 patents.

27.     Defendants' Products, if approved, will be administered to human patients in an amount effective to immunosuppress those patients, which administration constitutes direct

infringement of the '391 and '107 patents.  This will occur at Defendants' active behest, and with its specific intent, knowledge and encouragement.  On information and belief, Defendants will actively induce, encourage, aid and abet this administration with the knowledge that it is in contravention of Plaintiffs' rights under the '391 and '107 patents.

28.     Defendants made, and included in their ANDA, a certification under 21 U.S.C. § 355(j)(2)(vii)(IV) ("Paragraph IV certification") that, in their opinion and to the best of their knowledge, the '391, '107 and '900 patents are invalid.  Defendants did not allege non-infringement of any of the '391, '107 and '900 patents in their Paragraph IV certification.  Defendants did not allege unenforceability of any of the '391, '107 and '900 patents in their Paragraph IV certification.

29.     Plaintiffs are entitled to the relief provided by 35 U.S.C. § 271(e)(4), including an Order of this Court that the effective date of any approval of the aforementioned ANDA relating to Defendants' Products be a date which is not earlier than the later of the April 10, 2017 expiration dates of the '391, '107 and '900 patents or any later date of exclusivity to which Plaintiffs are or become entitled.  Further, Plaintiffs are entitled to an award of damages for any commercial sale or use of Defendants' Products, and any act committed by Defendants with respect to the subject matter claimed in the '391, '107 and '900 patents, which act is not within the limited exclusions of 35 U.S.C. § 271(e)(1).

30.     On information and belief, when Defendants filed their ANDA, they were aware of the '391, '107 and '900 patents, and that the filing of their ANDA with the request for its approval prior to the expiration of that patent was an act of infringement.

31.     This is an exceptional case, and Plaintiffs are entitled to an award of reasonable attorneys fees under 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the following relief:

A.      Judgment that Defendants have infringed one or more claims of the '391, '107 and '900 patents by filing the aforesaid ANDA relating to Defendants' Products;

B.      A permanent injunction restraining and enjoining Defendants and their officers, agents, attorneys and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, offer to sell, or sale within the United States, or importation into the United States, of Defendants' Products;

C.      An Order that the effective date of any approval of the aforementioned ANDA relating to Defendants' Products be a date which is not earlier than the later of the expiration of the right of exclusivity under the '391, '107 and '900 patents, or any later right of exclusivity to which Plaintiffs are or become entitled;

D.      Damages from Defendants for any commercial activity constituting infringement of the '391, '107 and '900 patents;

E.      A finding that this is an exceptional case under 35 U.S.C. § 285, and that Plaintiffs are entitled to the costs and reasonable attorney fees in this action; and

F.      Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: July 3, 2013

_____
Edmund J. Haughey (DC Bar No. 462773)
FITZPATRICK, CELLA, HARPER & SCINTO
975 F Street, NW
Washington, DC 20004-1462
Tel: (202) 530-1010
Fax: (202) 530-1055
E-mail: ehaughey@fchs.com

*Attorney for Plaintiffs Novartis AG and Novartis*
*Pharmaceuticals Corporation*

Of Counsel:

Nicholas N. Kallas
Lisa Pensabene
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, New York 10104-3800
Tel: (212) 218-2100
Fax: (212) 218-2200
E-mail: nkallas@fchs.com, lpensabene@fchs.com

FCHS_WS 9101524v1.doc